UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

                              :

UNITED STATES OF AMERICA,       :

                              :

        Plaintiff,           :

                              :

      - v. -            :

                              :

$4,556.30 IN UNITED STATES CURRENCY  :    STIPULATION AND ORDER
FORMERLY CONTAINED IN CITIBANK  :    OF SETTLEMENT
ACCOUNT 679-6579966, HELD IN THE  :
NAME OF "INTERNATIONAL PURCHASING  :    20 Civ. 8950 (KPF)
ADVISORS, LLC";  :

                              :

$3,253.13 IN UNITED STATES CURRENCY  :
FORMERLY CONTAINED IN MERRILL  :
LYNCH ACCOUNT 6JB07032, HELD IN THE  :
NAME OF "YELLOW CIRCLE LP";  :

                              :

$11,021.56 IN UNITED STATES CURRENCY  :
FORMERLY CONTAINED IN MERRILL  :
LYNCH ACCOUNT 6JB07031, HELD IN THE  :
NAME OF "YELLOW CIRCLE LP";  :

                              :

$20,097.64 IN UNITED STATES CURRENCY  :
FORMERLY CONTAINED IN MERRILL  :
LYNCH ACCOUNT 6JB07419, HELD IN THE  :
NAME OF "YELLOW CIRCLE LP";  :

                              :

$155,666.93 IN UNITED STATES CURRENCY  :
FORMERLY CONTAINED IN MERRILL  :
LYNCH ACCOUNT 6JB07415, HELD IN THE  :
NAME OF "YELLOW CIRCLE LP";  :

                              :

ALL ASSETS CONTAINED IN MERRILL  :
LYNCH ACCOUNT 77N07415, HELD IN THE  :

1

NAME OF "YELLOW CIRCLE LP," AND ALL :
FUNDS TRACEABLE THERETO,              :
INCLUDING ACCRUED INTEREST;           :
                                      :
ALL ASSETS CONTAINED IN MERRILL       :
LYNCH ACCOUNT 6JB07415, HELD IN THE :
NAME OF "YELLOW CIRCLE LP," AND ALL :
FUNDS TRACEABLE THERETO,              :
INCLUDING ACCRUED INTEREST;           :
                                      :
ALL ASSETS CONTAINED IN MERRILL       :
LYNCH ACCOUNT 6JB07419, HELD IN THE :
NAME OF "YELLOW CIRCLE LP," AND ALL :
FUNDS TRACEABLE THERETO,              :
INCLUDING ACCRUED INTEREST;           :
                                      :
ALL ASSETS CONTAINED IN MERRILL       :
LYNCH ACCOUNT 6JB07031, HELD IN THE :
NAME OF "YELLOW CIRCLE LP," AND ALL :
FUNDS TRACEABLE THERETO,              :
INCLUDING ACCRUED INTEREST;           :
                                      :
and                                   :
                                      :
ALL ASSETS CONTAINED IN MERRILL       :
LYNCH ACCOUNT 6JB07032, HELD IN THE
NAME OF "YELLOW CIRCLE LP," AND ALL
FUNDS TRACEABLE THERETO,
INCLUDING ACCRUED INTEREST;

               Defendants-*in-rem*.

- - - - - - - - - - - - - - - - - - - - - - - - - - -  X

Katherine Polk Failla, District Judge:

        This Stipulation and Order of Settlement ("Stipulation and Order") is entered into

by and among Yellow Circle LP ("Yellow Circle"), Elias Nousairi Smeke ("Nousairi") (jointly

2

"Claimants") and the United States of America (the "United States") (United States, together with Claimants, the "Parties");

WHEREAS, on or about October 26, 2020, the United States filed a Verified Complaint seeking to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 21, United States Code, Section 881(a)(6), the following assets, among others (the "Forfeiture Complaint"):

a.  $3,253.13 in United States currency formerly contained in Merrill Lynch account 6JB07032, held in the name of "Yellow Circle LP";

b.  $11,021.56 13 in United States currency formerly contained in Merrill Lynch account 6JB07031, held in the name of "Yellow Circle LP";

c.  $20,097.64 in United States currency formerly contained in Merrill Lynch account 6JB07419, held in the name of "Yellow Circle LP";

d.  $155,666.93 in United States currency formerly contained in Merrill Lynch account 6JB07415, held in the name of "Yellow Circle LP";

e.  All assets contained in Merrill Lynch account 77N07415, held in the name of "Yellow Circle LP," and all funds traceable thereto, including accrued interest;

f.  All assets contained in Merrill Lynch account 6JB07415, held in the name of "Yellow Circle LP," and all fund traceable thereto, including accrued interest;

g.  All assets contained in Merrill Lynch account 6JB07419, held in the name of "Yellow Circle LP," and all funds traceable thereto, including accrued interest;

h.  All assets contained in Merrill Lynch account 6JB07031, held in the name of "Yellow Circle LP," and all funds traceable thereto, including accrued interest; and

i.  All assets contained in Merrill Lynch account 6JB07032, held in the name of "Yellow Circle LP," and all funds traceable thereto, including accrued interest.

(a. through d. collectively totaling $190,039.26, the "Defendant Currency", and e. through i. collectively, the "Defendant Accounts").

WHEREAS, on or about May 19, 2020, agents of the United States Drug Enforcement Administration ("DEA") seized the Defendant Currency and Defendant Accounts pursuant to a warrant issued as part of a DEA investigation;

WHEREAS, on or about December 11, 2020, Claimants filed a Verified Claim claiming ownership of the Defendant Currency and the Defendant Accounts (Dkt. No. 8);

WHEREAS, as of January 12, 2021, no other claims asserting an ownership interest in the Defendant Currency or Defendant Accounts have been filed; and

WHEREAS, the United States and Claimants have agreed to settle the allegations in the Forfeiture Complaint without further litigation, and without any admission of liability by the Claimants, on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED, by and between the United States, by and through its attorneys, Audrey Strauss, United States Attorney for the Southern District of New York, and Assistant United States Attorneys Aline R. Flodr, Stephanie Lake and Sheb Swett, on the one hand, and Yellow Circle and Elias Nousairi Smeke, by and through their attorneys Martin S. Bloor and Yehudah Gordon, on the other, that:

1. Claimants hereby consent to the forfeiture to the United States of $707,322.08 in United States currency (the "Settlement Amount").

2. In partial payment of the Settlement Amount, Claimants agree to the forfeiture to the United Sates of the Defendant Currency.

3.    Claimants further agree to pay the $517,282.82 balance of the Settlement Amount to the United States within 60 days of entry of this Stipulation and Order on the court docket, pursuant to wire transfer instructions provided by the United States (the "Payment").

4.    The United States agrees to accept the Payment in lieu of forfeiture of the Defendant Accounts, and Claimants consent to the forfeiture of the Payment to the United States.

5.    Upon the entry of this Stipulation and Order, the United States will release all remaining assets in the Defendant Accounts and immediately provide written confirmation of that release to the custodian of record at Merrill Lynch.

6.    Upon the United States' receipt of the Payment from Claimants, the United States, on its own behalf and on behalf of its agencies, agents, or employees, including, but not limited to, the DEA, the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"), the United States Marshals Service ("USMS"), or any agents and employees of the United States, the DEA, the DOJ, the USAO-SDNY, of the USMS, hereby releases and deems satisfied all forfeiture claims against Claimants, any and all general partners, limited partners, companies, officers, agents, representatives, heirs, assigns, and employees of the same, arising from any and all transactions described in the Forfeiture Complaint.

7.    Claimants are hereby barred from asserting, or assisting others in asserting, any claim against the United States, or its agencies, agents, or employees, including, but not limited to, the DEA, the DOJ, the USAO-SDNY, the USMS, or any agents and employees of the United States, the DEA, the DOJ, the USAO-SDNY, of the USMS in connection with or arising out of the seizure, restraint, and/or constructive possession of the

LEGAL\54255324\1

Defendant Currency and the Defendant Accounts, including, but not limited to, any claims that there was no probable cause to seize and/or forfeit the Defendant Currency or the Defendant Accounts, that Claimants are a prevailing party, or that Claimants are entitled to attorney's fees or any award of interest.

9.    Nousairi represents that he is the ultimate beneficial owner of the Defendant Currency and Defendant Accounts, and Claimants agree to hold harmless the United States, the DEA, the DOJ, the USAO-SDNY, and the USMS from any and all claims in connection with or arising out of the seizure, restraint, and/or constructive possession of the Defendant Currency and Defendant Accounts.

10.    Yellow Circle and its owners hereby agree to conduct due diligence on future monetary investments offered, arranged, or given to Yellow Circle, or its owners, in a manner that is reasonably designed to prevent the receipt of funds derived from criminal sources. This due diligence will include a reasonable investigation regarding the source of the investment funds and the means by which the funds are transferred to any accounts controlled by Yellow Circle, or its owners.

11.    This Stipulation and Order constitutes the entire agreement between the Parties on the matters raised herein, and no other statement, promise or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Stipulation and Order shall be enforceable.

12.    The Parties agree that each shall bear its own costs, attorney's fees and expenses.

13.    The Parties hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Stipulation and Order.

15.    The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. The signature pages may be transmitted by fax or by electronic file in PDF format, and such signatures shall be deemed equivalent to valid originals.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____        DATE: 10/5/2021
ALINE R. FLODR
STEPHANIE LAKE
SHEB SWETT
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-6522


YELLOW CIRCLE LP

By: _____        DATE: 10/05/2021
JTC Trustees (USA) Ltd., As Managing
Member of Wide Path Group LLC, General Partner
of Yellow Circle LP


ELIAS NOUSAIRI SMEKE, as Claimant

By: _____        DATE:
ELIAS NOUSAIRI SMEKE

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Stipulation and Order.

15.    The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. The signature pages may be transmitted by fax or by electronic file in PDF format, and such signatures shall be deemed equivalent to valid originals.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____          DATE:
    ALINE R. FLODR
    STEPHANIE LAKE
    SHEB SWETT
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, New York 10007
    Telephone: (212) 637-6522

YELLOW CIRCLE LP

By: _____          DATE:
    JTC Trustees (USA) Ltd., As Managing
    Member of Wide Path Group LLC, General Partner
    of Yellow Circle LP

ELIAS NOUSAIRI SMEKE, as Claimant

By: _____          DATE: 10/01/2021
    ELIAS NOUSAIRI SMEKE

LEGAL\54255324\1

By: _____          DATE: 10/1/2021
      MARTIN S. BLOOR
      YEHUDAH GORDON
      Attorneys for Claimants
      Cozen O'Connor
      3 WTC
      175 Greenwich Street
      55th Floor
      New York, New York 10007
      Tel.: (212) 883-4900

SO ORDERED:

_____          _____
HONORABLE KATHERINE POLK FAILLA          DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

7